UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARGARET KARWATKA,

    Plaintiff,

v.   CAUSE NO. 3:23cv921 DRL

BIC CORPORATION,

    Defendants.

## OPINION AND ORDER

Margaret Karwatka alleges a disposable lighter malfunctioned and caused her injuries. Although she originally proceeded with counsel, she now participates *pro se*. Facing a product liability claim under Indiana's Product Liability Act (IPLA), BIC Corporation served requests for admission. These went unanswered; and, now deemed admitted by law, the requests serve as the basis for the company's summary judgment motion today. *See* Fed. R. Civ. P. 36(a)(3), (b).

The IPLA governs all tort claims brought by a consumer against a manufacturer or seller for physical harm caused by its product, if in a defective condition unreasonably dangerous to her. Ind. Code §§ 34-20-1-1, 34-20-2-1.; *see Kennedy v. Guess, Inc.*, 806 N.E.2d 776, 779-80 (Ind. 2004); *Kaiser v. Johnson & Johnson*, 947 F.3d 996, 1007-08 (7th Cir. 2020). The IPLA recognizes three theories of liability—a manufacturing flaw, a defective design, or inadequate warnings. *Brewer v. PACCAR, Inc.*, 124 N.E.3d 616, 621 (Ind. 2019); *Campbell Hausfeld/Scott Fetzer Co. v. Johnson*, 109 N.E.3d 953, 956 (Ind. 2018).

At times, the requests for admission inartfully bleed concepts of negligence into a manufacturing defect theory when only design and warning theories rest on concepts of negligence under the IPLA. By its express terms, and since the 1995 amendments, the IPLA grounds design and warning defect theories in negligence terms, *see* Ind. Code § 34-20-2-2; *Campbell Hausfeld*, 109 N.E.3d at 957, whereas it frames a manufacturing defect theory in strict liability in the true sense—namely, a showing of negligence is not

required, *see* Ind. Code § 34-20-2-2; *Kaiser*, 947 F.3d at 1008; *Smith v. Nexus RVs, LLC*, 468 F. Supp.3d 1012, 1021 (N.D. Ind. 2020).

Still, Ms. Karwatka elsewhere admits the lighter was not defective or unreasonably dangerous and that her injuries were not caused by BIC's conduct. Both admissions mean she cannot prove two essential elements of her product liability claim—that the disposable lighter was in a "defective condition unreasonably dangerous" to her, or the company's "liability for physical harm caused by that product." Ind. Code § 34-20-2-1. The court must grant a summary judgment motion when no genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 731 (7th Cir. 2011).

Ms. Karwatka was given appropriate notice about the effect of not answering this discovery, *see* Fed. R. Civ. P. 36, and the effect of not responding to the summary judgment motion, *see Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), and even *pro se* parties must follow the rules, *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Accordingly, the court GRANTS the summary judgment motion [24] and DIRECTS the clerk to enter judgment for BIC Corporation. This order terminates the case.

SO ORDERED.

August 30, 2024                                                  *s/ Damon R. Leichty*
                                                                 Judge, United States District Court

2